NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-351

COMMONWEALTH

vs.

JAMES G. BERNHARDT.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial in the District Court, the defendant was convicted of assault and battery on a family or household member, pursuant to G. L. c. 265, § 13M (a).[1]  On appeal, he claims that the judge abused his discretion by denying the defendant's request to continue the trial, and by precluding certain cross-examination of the victim.  We affirm.

1.  Motion to continue.  "'The decision whether to grant a motion to continue lies within the sound discretion of the trial judge' and is reviewed for abuse of that discretion." Commonwealth v. Conley, 103 Mass. App. Ct. 496, 507 (2023), quoting Commonwealth v. Miles, 420 Mass. 67, 85 (1995).  "[A] continuance shall be granted only when based upon cause and only

---

[1] The defendant was acquitted of a separate charge of strangulation, pursuant to G. L. c. 265, § 15D (b).

when necessary to insure that the interests of justice are served." Mass. R. Crim. P. 10 (a) (1), 378 Mass. 861 (1979). Cf. Vazquez Diaz v. Commonwealth, 487 Mass. 336, 344-346 & n.12 (2021).

Here, on the day of the trial, defense counsel sought a continuance because a witness he had summonsed reported that he had COVID-19 and could not attend the trial.[2] According to counsel, the witness did not see the incident in question, but saw the defendant's injuries the following day. Those observations were the expected sum total of the witness's intended testimony.[3] Counsel maintained that this testimony was necessary because there were neither photographs nor a police report to corroborate the existence of the defendant's injuries. The prosecutor opposed the continuance and indicated that the victim would testify how she injured the defendant. In lieu of a continuance, the prosecutor offered to stipulate to the defendant's specific injuries and that they were visible the day after the incident.[4] Defense counsel maintained that having a

---

[2] Through an investigator, defense counsel learned two or three days prior to trial that the witness was unavailable.

[3] Defense counsel claimed that the witness might also testify as to other facts, but he could not state what other testimony might have been provided.

[4] The parties also agreed that the defendant would be permitted to show the jury his scars from what he claimed were the result of the victim attacking him, and the defendant did so.

live witness was preferable, but the judge denied the continuance over counsel's objection and allowed the parties to enter the stipulation.

Here, the central issue in the case was whether the defendant acted in self-defense. Components to that defense were questions of who the first aggressor was and whether the defendant had an opportunity to retreat before using force. See Commonwealth v. Pring-Wilson, 448 Mass. 718, 733-735 (2007). Because the absent witness did not see the altercation, he could not have provided any evidence that would have shed any light on whether vel non the defendant acted in self-defense. In other words, a continuance to secure the witness's testimony about the defendant's injuries would have "result[ed] in a delay but not in the introduction of any significantly new evidence." Commonwealth v. Gilchrest, 364 Mass. 272, 277 (1973). See Commonwealth v. Breyer, 398 Mass. 9, 16 (1986) (testimony that "would not have measurably contributed" to jury's ability to resolve central issue did not justify continuance). The denial of the motion to continue was not an abuse of discretion, as the judge did not make "a clear error of judgment in weighing the factors relevant to the decision, such that the decision f[ell] outside the range of reasonable alternatives" (quotation and citation omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

3

2.  Cross-examination of the victim.  In defense counsel's cross-examination of the victim, he inquired about the victim's request for a continuance due to her unavailability on an earlier scheduled date for trial.  The prosecutor lodged an objection, and the parties were heard at sidebar.  Defense counsel stated that the victim had sought a continuance for medical purposes, but her social media revealed that she was in Florida on that date.  Defense counsel maintained that this line of questioning was relevant to the victim's credibility.  The judge sustained the objection and ruled that the intended inquiry was more prejudicial than probative.  The defendant claims that the judge abused his discretion in precluding this inquiry.  We disagree.

"The Sixth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights provide defendants with an opportunity for cross-examination; they do not guarantee a 'cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" Commonwealth v. Belmer, 78 Mass. App. Ct. 62, 67 (2010), quoting Commonwealth v. Cong Duc Le, 444 Mass. 431, 438 (2005).  See Commonwealth v. Edwards, 444 Mass. 526, 535 (2005) ("the right to cross-examine adverse witnesses under art. 12 is not absolute").  "If a defendant believes that the judge improperly restrained his cross-examination of a witness, the defendant

4

must demonstrate that the judge abused his discretion and that he was prejudiced by such restraint" (citation omitted). Commonwealth v. Sealy, 467 Mass. 617, 624 (2014).

As an initial matter, on the record before us, it is not apparent that the victim misrepresented her need for a continuance, that she was actually in Florida at the time in question, or, if she was, whether she was there for medical purposes. Defense counsel claimed to have photographs from the victim's social media, but he failed to ask for them to be marked for identification, offer them as an exhibit, and suggest how he intended to authenticate them.

Even without the above deficiencies, as the Commonwealth properly notes, "'specific instances of misconduct showing the witness to be untruthful are not admissible for the purpose of attacking . . . the witness's credibility.'" Commonwealth v. Lopes, 478 Mass. 593, 606 (2018), quoting Mass. G. Evid. § 608(b) (2017). Moreover, whether the victim had misrepresented her need for a continuance was entirely collateral to the contested issues in the case. See Commonwealth v. Basch, 386 Mass. 620, 623 (1982) ("a judge may limit . . . impeachment when the testimony concerns collateral issues in the case").

Finally, the judge had the discretion to "exclude relevant evidence if its probative value is substantially outweighed by a

danger of . . . unfair prejudice [or] confusing the issues." Mass. G. Evid. § 403 (2023).  The probative value of the evidence that the victim may have misrepresented her need for a continuance was substantially outweighed by its prejudicial effect.  See Commonwealth v. Jacques, 102 Mass. App. Ct. 157, 163-164 (2023).  There was no abuse of discretion.

Judgment affirmed.

By the Court (Meade, Blake & Desmond, JJ.[5]),

Assistant Clerk

Entered:  February 23, 2024.

---

[5] The panelists are listed in order of seniority.